UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILLSBOROUGH COUNTY
PUBLIC SCHOOLS,

    Plaintiff,

v.                                           CASE NO.: 8:14-cv-811-T-23EAJ

PENNSYLVANIA MANUFACTURERS'
ASSOCIATION INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

The defendant undertakes to remove – in one notice (Doc. 1) of removal – two actions.[1] The defendant's attempt is defective:

> The removing party must institute a separate case in federal court for each state court case that is removed. Of course, a removing party may note that a newly removed matter is related to a previously filed action, but that does not excuse the obligation to initiate a new action. Here, [the defendant] seeks removal of three cases pending in state court into a single federal action. This procedure is improper. Accordingly, the Court considers the first case mentioned in [the defendant's] Notice of Removal as the state case he seeks to remove into the above-captioned federal action. The other two cases [the defendant] mentions in his Notices of Removal are not properly before this Court and are hereby ***REMANDED*** for that reason alone.

*Mlotek v. Mlotek*, 10-CV-432, 2011 WL 441526 (N.D. Ohio Feb. 3, 2011) (O'Malley)

(citation omitted); *accord Plaintiff 67,634-69,607 v. Trans Union LLC*, 2010 WL 4284956

---

[1] The state court actions are *Hillsborough County Public Schools v. Pennsylvania Manufacturers' Association Insurance Co.*, Case No. 14-CA-2562, and *Hillsborough County Public Schools v. Pennsylvania Manufacturers' Association Insurance Co.*, Case No. 14-CA-2565.

(S.D. Tex. Oct. 22, 2010) (Jack, J.) ("Without proof of an effective consolidation, Defendant was required to file individual notices of removal for each civil action that defendant desired to remove . . . ."); *Larson v. United Natural Foods W., Inc.*, 2010 WL 1492891 (D. Ariz. Apr. 14, 2010) (Campbell, J.) ("When the notice of removal was filed in Case 1, no consolidation [of Case 1 and Case 2] had occurred.  The notice, therefore, was effective only in Case 1.").

The parties agree that jurisdiction exists over the first action (Case No. 14-CA 2562) identified in the defendant's notice of removal.  Thus, the second action (Case No. 14-CA-2565) identified in the notice of removal is **REMANDED**.[2]  The clerk is directed, as required by 28 U.S.C. § 1447(c), to mail a certified copy of this order to the clerk of the Circuit Court for Hillsborough County.  The defendant's motion (Doc. 6) to dismiss (which "speak[s] about both complaints at the same time") and the plaintiff's motion (Doc. 8) to remand are **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on May 13, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The defendant's discussion of supplemental jurisdiction is irrelevant. *Louisiana v. Am. Nat. Prop. Cas. Co.*, ___ F.3d ___, 2014 WL 1243825 (5th Cir. Mar. 26, 2014) ("[T]he code section granting supplemental jurisdiction . . . constrains the exercise of supplemental jurisdiction to claims within the same action."). Similarly, *Phoenix Ins. Co. v. WSG Mgmt. Co.*, 2011 WL 13860 (S.D. Fla. Jan. 4, 2011) (Hoeveler, J.), which the defendant repeatedly cites, is irrelevant because *Phoenix* considered the removal of a single action against several defendants.